## John POMELOW

### v.

### Nyla CORNFORTH.

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 16, 1996.

Decided Nov. 26, 1996.

John Pomelow, Madison, pro se.

Donald E. Eames, Eames & Sterns, Skowhegan, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff, John Pomelow, appeals from an order entered in the Superior Court (Somerset County, *Marsano, J.*) dismissing his petition for protection from harassment pursuant to M.R.Civ.Proc. 12(h)(3).[1] Plaintiff contends that the court erred in ruling that it lacked subject matter jurisdiction to hear his petition. Because plaintiff did not seek emergency relief within the Superior Court's limited grant of statutory jurisdictional authority, we affirm the dismissal.

The factual background and procedural history may be summarized as follows: Plaintiff filed a petition in the Superior Court requesting a temporary order for protection from harassment by defendant Nyla Cornforth. Plaintiff had previously been denied relief on a similar complaint against defendant in the District Court. The Superior Court denied the request for a temporary order because plaintiff failed to provide notice to defendant or to show a threat of immediate danger as required by 5 M.R.S.A. § 4654(2).[2] Nyla Cornforth was subsequently provided with notice of the petition, and

---

1. M.R.Civ.Proc. 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

2. The statute provides in relevant part:
   Temporary orders. The court may enter any temporary orders, authorized under subsection 4, without written or oral notice to the defendant or the defendant's attorney if:
   A. It appears clearly from a verified petition or an affidavit accompanying the petition that: (1) Before the defendant or the defendant's attorney can be heard, the plaintiff or the plaintiff's employees may be in immediate and present danger of physical abuse from the defendant or is in immediate and present danger of suffering extreme emotional distress as a result of the defendant's conduct or the plaintiff's business or rental property is in immediate and present danger of suffering substantial damage as a result of the defendant's actions; (2) Either the plaintiff has or has not contacted any law enforcement officials concerning the alleged harassment; and (3) The plaintiff has provided sufficient information to substantiate the alleged harassment; B. When reasonable, the plaintiff or the court has made reasonable efforts to give written or oral notice to the defendant or the defendant's attorney that the plaintiff is seeking a temporary order; and C. The court provides written reasons for entering a temporary order.
   5 M.R.S.A. § 4654(2).

plaintiff filed a motion to revise and extend his original filing to include sixteen additional defendants, who were improperly served and have never entered appearances. Plaintiff then filed a motion for discovery. Defendant filed a memorandum in opposition to plaintiff's motions and included a request to dismiss the petition for lack of subject matter jurisdiction. After a hearing, the court dismissed plaintiff's petition. Plaintiff now appeals.

■ The jurisdictional authority to hear petitions for protection from harassment is set out in 5 M.R.S.A. §§ 4652–4654 (Supp. 1995). The statute grants limited authority to the Superior Court to hear a petition for a temporary order when a District Court judge is not available.[3] It states:

> The District Court has jurisdiction over protection from harassment petitions. If a District Court judge is not available in the division in which a complaint requesting a temporary order is to be filed, the complaint may be presented to any other District Court judge or to any Superior Court justice who has the same authority as a District Court judge to grant or deny the temporary order.

5 M.R.S.A. § 4652.

The procedure for seeking emergency relief in the form of a temporary order in the Superior Court is set forth as follows:

> When there is no judge available in the District Court having venue or the District Court courthouse is closed and no other provision can be made for protection of a

victim of harassment, a petition may be presented to any judge of the District Court or Justice of the Superior Court. Upon a meeting of the requirements of subsection 2, the court may enter any temporary orders, authorized under subsection 4, as the court considers necessary to protect the plaintiff from harassment.

5 M.R.S.A. § 4654(3)(A).

■ In the present case, plaintiff filed a petition in the Superior Court seeking a temporary order for relief. He did not, however, allege or represent to the court that a District Court judge was not available in the appropriate district. Because plaintiff failed to make the necessary showing for emergency relief at the initial hearing, the court should have denied his request for a temporary order and certified the case to the District Court for further proceedings. The statute provides:

> If a petition is presented under this subsection, the petition and any order issued pursuant to the petition must be immediately certified to the clerk of the District Court having venue for filing. This certification to the court has the effect of commencing proceedings and invoking the other provisions of this chapter.

5 M.R.S.A. § 4654(3)(B).

The certification process establishes an efficient procedure for docketing cases in District Court after the Superior Court has acted on a request for emergency relief.[4]

---

3. Before 1991 the Superior Court had concurrent jurisdiction with the District Court for harassment complaints. The jurisdiction of the courts was altered by P.L.1991, ch. 760, enacted as L..D. 2221 (115th Legis.1991). The statement of fact attached to L.D. 2221 makes clear that the Superior Court's jurisdiction was not removed entirely. It states in part:

> [This bill] revises the jurisdiction of the District Court and Superior Court ... The amendment removes jurisdiction from the Superior Court to hear and adjudicate protection from harassment and protection from abuse cases, except that a Superior Court Justice may issue a temporary protection order. This provides protection to petitioners when a District Court judge is unavailable. If a Superior Court Justice issues a temporary order, the case is still docketed in the District Court and all further pro-

ceedings must be conducted in the District Court.

4. The protection from abuse statute provides a similar procedure for emergency relief: Emergency relief shall be available as follows.

> A. When there is no judge available in the District Court having venue or the District Court courthouse is closed and no other provision can be made for the shelter of an abused family or household member or minor child, a complaint may be presented to any District Court judge or Superior Court Justice....
> B. If a complaint is presented under this subsection, that complaint and any order issued pursuant to it must be forwarded immediately to the clerk of the District Court having venue for filing.

19 M.R.S.A. § 765(3) (Supp.1995).

Although the Superior Court is directed to certify such petitions to the District Court, dismissal was appropriate in this case because plaintiff demonstrated that he was not making a good faith filing for emergency relief pursuant to section 4654(3). Instead of seeking emergency relief, he sought a complete adjudication of his petition after he had previously been denied relief in the District Court. Because defendant did not claim the unavailability of a District Court judge and did not seek to show a need for emergency relief, the petition was properly dismissed.

Judgment affirmed.

All concurring.